.FILED
SUPERIOR COURT
OF GUAM

2024 OCT 17 PM 4: 29

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

JAMES JARINA OUANO, individually and as the Executor of the Estate of CARMELINA J. OUANO,

Plaintiff,

vs.

CARMEL O. PAULE,

Defendant.

CIVIL CASE NO. CV0071-24

**DECISION AND ORDER RE MOTION TO DISMISS**

The Court here considers Defendant Carmel O. Paule's motion to dismiss all claims alleged by her brother, Plaintiff James Ouano, relative to their inheritances from their parents. The Court determines that James has properly alleged claims for Breach of Contract, Mutual Mistake, and Fraud and that those claims, as pled, override concerns of untimeliness. However, James has not alleged a proper remedy for Mutual Mistake. Carmel's motion is therefore GRANTED as to the remedy alleged for Mutual Mistake and DENIED on all other bases. Further, the Court GRANTS James leave to file an amended pleading consistent with this Decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

To understand the facts of this case in proper context, the Court first reviews the probate cases of the parties' parents, Segundo Ouano and Carmelina Ouano.

### A.  Related Probate Cases

The Court takes judicial notice of *In the Matter of the Estate of Segundo Del Cruz*

ORIGINAL

*Ouano*, PR0026-91, in which the probate court admitted and probated Segundo's Last Will and Testament. Segundo's Will bequeathed certain properties in Tamuning ("Tamuning properties") to his wife Carmelina and his children Carmel and James "to be held by my wife in trust for the said two children, that all income derived from the said properties are to be used for the maintenance and support of CARMELINA and our children." Mot. Dismiss, Ex. B at 5 (Mar. 11, 2024). Segundo also directed that

> In the event of charge or [sp] circumstance, not foreseeable as of the date hereof, my wife CARMELINA is authorized to sell the said properties at best market price and the proceeds of the sale are to be distributed as follows:
>
> 1) One Half of the proceeds to my wife
>
> 2) The remaining one-half share shall be shared equally between the two children and held in trust until each reaches the age of 18 years at which time their share of the balance and interest thereon is to be issued to each child on reaching the age of 18 years.

*Id.* Segundo similarly bequeathed other properties known as "North Fadang," "Mariposa" and "Lot 5105" to Carmelina in trust for Carmel and James, with the option to sell and divide the proceeds similar to the division of proceeds for the Tamuning properties. *Id.* at 7. The Court distributed Segundo's estate in accordance with his Will. *Id.*, Ex. A; PR0026-91 (Am. Decree of Final Distribution (Apr. 13, 1992)).

The Court further takes judicial notice of filings made in *In the Matter of the Estate of Carmelina Jarina Ouano*, PR0090-21, in which the probate court admitted to probate Carmelina's Last Will and Testament. In her Will, Carmelina indicated she had an interest in the Tamuning properties, which she bequeathed to James. PR0090-21 (Pet. Admission, Ex. B at art. 5 (May 3, 2021)). She also deeded her interest in Mariposa to her grandchildren. *Id.* The probate court denied James' efforts to distribute Carmelina's assets because James failed to provide a full and verified account and report of his administration. PR0090-21 (Dec. and Order

ORIGINAL

Denying Am. First and Final Account of Executor and Pet. Distribution (Aug. 11, 2023); Dec. and Order Denying Executor's Mot. Recons. (Apr. 2, 2024)). PR0090-21 remains pending.

## B. Complaint, Motion to Dismiss and Further Briefing

On February 6, 2024, James filed this lawsuit against Carmel alleging: (I) Quiet Title; (II) Breach of Contract – Specific Performance; (III) Fraud in the Inducement – Rescission; (IV) Mutual Mistake – Rescission; and (V) Unjust Enrichment. James' Complaint generally restates the above-stated facts concerning Segundo's Will and estate distribution. Compl. ¶¶ 7-12 (Feb. 6, 2024). However, he also alleges that he, Carmelina and Carmel "all believed that Carmelina owned an interest in the properties." *Id.* ¶¶ 45, 63. In line with that belief, James claims that on or about May 20, 2016, Carmelina and James signed a Deed of Gift granting Lot 5105 and North Fadang to Carmel. Compl. ¶¶ 23-24. James initially claimed that he and Carmelina executed the Deeds of Gift in exchange for an understanding that Carmel "would grant her interest in the Tamuning property to James." Compl. ¶ 27. However, in supplemental briefing, James indicates he intends to amend the last allegation, in that he instead will allege that in exchange for the Deeds of Gift, "Carmel agreed that James would receive the Tamuning property as part of Carmelina's Last Will and Testament." Prop. First Am. Compl. ¶ 22 (submitted July 1, 2024).

Carmel initially filed an Answer but subsequently moved to dismiss on various bases, including the expiration of the statute of limitations, failure to state fraud with specificity, and a bar under the statute of frauds. Answer (Mar. 8, 2024); Mot. Dismiss. Upon review of the parties' briefs, the Court issued an Inclination which expressed the Court's preliminary agreement with Carmel that James filed fraud claims that lacked particularity and were potentially untimely, and breach of contract claims that were barred by the statute of frauds. The Court allowed further briefing and allowed James to submit a proposed amended complaint to

ORIGINAL

address the Court's concerns. The Court heard the motion on July 26, 2024, and then took the motion under advisement.

## II.   LAW AND DISCUSSION

### A.   Rule 12(c) is Applicable.

Carmel moves the Court to dismiss all claims under Guam Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) shall be made before the party files their pleading. GRCP 12(b). A court may convert a motion styled as a motion to dismiss under Rule 12(b)(6) as a motion for judgment under the pleadings under Rule 12(c). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Under a Rule 12(c) analysis, the Court reviews whether the allegations of the complaint—if taken as true—entitle the plaintiff to a legal remedy. *Ada v. Guam Tele. Auth.*, 1999 Guam 10 ¶ 9.

### B.   Breach of Contract

The Court first considers James's claims for breach of a contract. Compl. ¶¶ 47-54. The alleged contract, as proposed in an amended complaint, states: "under the agreement, James and Carmelina agreed to give their respective ownership shares of Lot 5105 and North Fadang properties to Carmel via Deed of Gift and in exchange Carmel agreed that James would receive the Tamuning property as part of Carmelina's Last Will and Testament." Prop. First Am. Compl. ¶ 22. According to James, Carmel breached this agreement "by preventing James from receiving the Tamuning property as his sole and separate property" when she lodged objections to the Amended Inventory and Appraisement filed in Carmelina's probate. *Id.* ¶¶ 58-59. Carmel moves to dismiss the breach of contract on several grounds, such as that the oral contract is impossible because it was not directly formed between James and her, that it violates the statute of frauds, and that it is untimely. In her Supplemental Brief, Carmel also argues that the

agreement is illegal or illusory.

### 1. James has adequately stated a breach of contract claim.

As Carmel recognizes, the essential elements of a contract are an offer, acceptance, and consideration. 18 GCA § 85102; Mot. Dismiss at 6. In reviewing the Complaint and the Proposed First Amended Complaint, the Court finds that James has adequately given notice of the basis of his breach of contract claim. He alleges that he, Carmelina and Carmel agreed that James and Carmelina would tender their interests in certain lots in exchange for Carmel foregoing the assertion of her interest in other properties during the probate of Carmelina's estate. He further alleges that Carmel breached her end of this bargain. These suffice to allege the elements of a breach of contract claim.

Carmel argues that James must necessarily use hearsay evidence to demonstrate the existence of the contract. On a motion for judgment on the pleadings, however, the Court's concern is not the nature of the evidence but rather the sufficiency of the pleadings. On this basis, the Complaint and Proposed First Amended Complaint survive disposition at this stage.

Carmel further argues that the agreement is illusory because Carmelina could not create an agreement with Carmel whereby Carmelina did not own the property at issue. An illusory promise is "so indefinite that it cannot be enforced, or by its terms makes performance optional or entirely discretionary on the part of the promisor." *Mesngon v. Gov't of Guam*, 2003 Guam 3 ¶ 10. This definition does not fit the circumstances of the contract as alleged and as proposed, as the terms of the promise were clear and not appearing to be discretionary.

Finally, Carmel argues that because Carmelina did not own the property in her estate plan, it would be illegal for Carmel to enter this alleged agreement. Carmel does not cite any caselaw that assists the Court in analyzing this argument. Moreover, whether "illegal" is the



appropriate categorization of what occurred is unclear. Notably, James also labels it as a "mistake;" further, the impact of the alleged mistake remains to be litigated. Absent further legal analysis by Carmel, the Court is not prepared to rule at this time as to whether an "illegal" term (if it can be called such) mandates a judgment on the pleadings.

### 2. The alleged contract is exempted from the Statute of Frauds.

The parties agree that Guam's Statute of Frauds provision applies; that is, because the agreement concerns property, it must be in writing absent an applicable exception. 18 GCA § 86106(5); Opp. at 12 (Apr. 8, 2024). James asks the Court to consider two exceptions: part or full performance and equitable estoppel.

"The doctrine of full performance provides that where one party completely performs a contract, the contract is enforceable and the statute of frauds cannot be used as a defense." *Yoshida v. Guam Transport and Warehouse, Inc.*, 2013 Guam 5 ¶ 62. For the alleged contract at issue, James has alleged that he held up his end of the bargain; that is, he surrendered his interests in Lot 5105 and North Fadang. As proposed, James' allegation indicates his full performance; therefore, Carmel cannot achieve a dismissal at this stage of the case.[1]

### C. The various causes of action do not violate the Statute of Limitations.

Section 11305 of Title 7 prescribes a three-year statute of limitations for actions grounded in mistake or founded in law that is not otherwise put in writing. Carmel asks the Court to examine the Breach of Contract, Unjust Enrichment, Quiet Title and Fraud claims using this provision, and James agrees this is the applicable limitations period and statute. Opp. To Def.'s Mot. To Dismiss at 14; Reply in Support of Mot. Dismiss at 7 (Apr. 22, 2024).

---

[1] Since James survives a motion for judgment on the pleadings on one statute of frauds exception, and because neither party has argued that he must meet all possible exceptions, the Court declines to analyze whether James must also satisfy the estoppel exception.

ORIGINAL

The limitations period begins to run upon the discovery of the injury, that is, "when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Gayle v. Hemlani,* 2000 Guam 25 ¶ 24; *Guam Police Dept. v. Superior Court of Guam,* 2011 Guam 8 ¶ 11. "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, he must decide whether to file suit or sit on his rights." *Custodio v. Boonprakong,* 1999 Guam 5, ¶ 27 (quoting *Jolly v. Eli Lilly & Co.,* 751 P.2d 923, 928 (Cal. 1988)). Further,

> discovery does not mean actual knowledge. Discovery occurs when a plaintiff could have discovered the wrongful acts with reasonable diligence. Reasonable diligence is tested by an objective standard, and when the uncontroverted evidence irrefutably demonstrates that the plaintiff discovered or should have discovered the fraudulent conduct, the issue may be resolved by summary judgment.

*Gayle,* 2000 Guam 25 ¶ 25 (citations omitted). Finally, what a reasonable person should know is a mixed question of law and fact. *Bautista v. Torres,* 2020 Guam 28 ¶ 15.

James' proposed complaint indicates that, from the time he was a child, Carmelina handled the income from the properties bequeathed from Segundo. Prop. First Am. Comp. ¶ 11. Starting in 2016, Carmelina initiated the process of creating her estate plan and involved Attorney Phil Torres. Attorney Torres met with Carmelina, James, and Carmel to iron out the estate plan details and prepare deeds, including the deeds whereby James would convey his interest in certain properties to Carmel in exchange for Carmel agreeing for James to receive the Tamuning properties through Carmelina's probate.

These proposed allegations support the idea that James exercised reasonable diligence in 2016 when he relied on Attorney Torres' work to prepare Carmelina's estate documents. It was reasonable for James to rely on Attorney Torres as a legal professional whose duty was to examine Segundo's Will and the relevant property documents in assisting Carmel in her estate



plan. At the very least, the reasonableness of James' reliance and diligence is an issue of fact rendering judgment on the pleadings improper relative to the issue of the statute of limitations.

Thus, as pled, James' "discovery" of the fraud could be construed to occur not in 2016 but rather in 2022 when Carmel objected to James' inventory and distribution plan in Carmelina's estate. This could be viewed as James' discovery of Carmel's breach of contract, fraud, and the parties' mistake. As this matter was brought within three years of 2022, it is considered timely per the pleadings.

**D.      James' Proposed First Amended Complaint pleads Fraud with particularity.**

Carmel moves to dismiss the Fraud claim due to, among other grounds, a lack of particularity. Allegations of fraud must be stated with particularity. GRCP 9(b). A pleader accomplishes this standard by detailing the "who, what, when, where, and how" a fraud occurred. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 14. Rule 9(b)'s goal is to give the defending party enough information to defend the charge. *Id.*

In its Inclination, the Court indicated that it was inclined to find the Complaint had not been pled with particularity because the Court was unable to determine when the fraud occurred. The proposed complaint cures that defect by clarifying that, in 2016, during the meetings with Attorney Torres, Carmel misrepresented her agreement that James would own the Tamuning properties as his sole and separate property after Carmelina passed away. Prop. First Am. Compl. ¶ 63. The proposed complaint further alleges that Carmel made this misrepresentation intentionally and to induce James and Carmelina to rely upon it and sign deeds granting their interests in other properties to her. *Id.* ¶ 64. Finally, the proposed complaint contends that James relied upon this representation to his detriment. *Id.* ¶ 66. Based on these allegations, James' proposed complaint satisfies the particularity requirement of Rule 9(b).


ORIGINAL

**E.     James' Proposed First Amended Complaint pleads Mutual Mistake with particularity but contains defects in the remedy.**

The Court now turns to James' mutual mistake claim. Guam law permits a contract to be revised upon the parties' mutual mistake. 20 GCA § 3230. Mistake must be pled with particularity. GRCP 9(b).

The Court finds the proposed complaint meets the heightened pleading requirements. James alleges that he, Carmelina, and Carmel reached an agreement about the properties on the assumption that Carmelina owned an interest in the properties. Prop. First Am. Compl. ¶ 70. James admits that it is likely that assumption was a mistake. *Id.* ¶ 72. The Court finds these allegations sufficient for James to seek the remedy of revision, which is the remedy provided for by Section 3230.

However, James seeks rescission—not revision. *Id.* ¶ 75. Guam law does not permit rescission for mistake: "Rescission cannot be adjudged for mere mistake, unless the party against whom it is adjudged can be restored to substantially the same position as if the contract had not been made." 20 GCA § 3241. In this case, James acknowledges that placing the parties in the same position is impossible because Carmel has already sold Lot 5105. Prop. First Am. Compl. ¶ 76. As pled and as proposed, James cannot obtain rescission for the alleged mutual mistake. For that reason, the rescission aspects within the Fourth Cause of Action for Mutual Mistake are dismissed without prejudice.

## III.     CONCLUSION AND ORDER

With the exception of the remedy pled for mutual mistake, all claims in the Proposed First Amended Complaint are timely and sufficiently pled to survive a motion for judgment on the pleadings. Carmel's Motion to Dismiss is therefore DENIED as to all claims as proposed and GRANTED solely as to the requested remedy for mutual mistake. The Court GRANTS



leave to file the Proposed First Amended Complaint consistent with the Court's Decision and

Order. To be considered timely, the amended pleading must be filed within fourteen days.

**SO ORDERED, 17 October 2024.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
George Valdes, Esq., Law Office of Louie J. Yanza, for Plaintiff James Jarina Ouano
Yusuke Haffeman-Udagawa, Esq., Law Offices of Minakshi V. Hemlani, P.C., for Defendant
    Carmel O. Paule

ORIGINAL